## PARKER AND WIFE v. McGAHA, Adm'r.

1. A clerk of the circuit or county court, must issue a writ of error on the application of any one against whom a judgment is rendered in his court, make out a complete transcript of the record, and deliver them to the party, his agent, or attorney, and has no right to require his fees to be paid in advance.

MOTION for a mandamus against the clerk of the orphans' court of Coosa county, upon the following facts:

William McGaha, as administrator, had obtained a final judgment in the orphans' court of Coosa, against the applicants; they applied to the clerk for a writ of error to this court, but the clerk declined to issue the writ, or make out and deliver a transcript of the record of the cause, unless the applicants would pay him in advance, or before the delivery of the transcript to applicants. This they declined to do, and the clerk refused to make out the transcript.

MORRIS, for applicants, moved for a mandamus, and cited

Clay's Dig. 306, § 1; 308, § 13; and McRae v. Juzan, 4 Ala. Rep. 286.

DARGAN, J.—Previous to the act of 1820, Clay's Dig. 308, all writs of error returnable to the supreme court were issued from this court, or from some one of the judges thereof, directed to the clerks of the circuit or county courts. Upon the service of a writ of error from this court, upon the clerk of the circuit or county court, it became his duty to comply with the mandate of the writ. The court from which it issued, or the judge, was required to take security from the party applying for the writ, that the party should prosecute his writ of error to effect, and answer all damages and costs if the party failed in his plea. It was the duty of the clerks of the circuit and county courts to make out a transcript of the records of the cause sought to be removed to the supreme court, and he could not justify himself in refusing to comply with the writ, because the plaintiff in error had not, or declined paying him for making out the transcript in advance.

By the act of 1820, it was made the duty of the clerks of the circuit courts of this state, on the application of a party against whom a final judgment has been rendered, his agent, or attorney, to issue a writ of error, returnable to the next term of the supreme court; also, to issue citation to the opposite party, which should be served by the proper officer of the court, and which should be returned to the office of the clerk whenever served, and shall, together with a transcript of the cause, be delivered to the party applying, his agent or attorney, to be by him, or her, returned to the supreme court. This statute plainly marks out the duty of a clerk, when application is made to him for a writ of error; but it does not authorize the clerk to demand his fees in advance, before the delivery of the transcript to the party applying for it.

Before the passage of this act, there was no act that authorized the clerk to demand his fees in advance, before making out and delivering the transcript, but it was his duty

44

to do so in obedience to the writ of error. By law now, on the application of the party, or his attorney, it is the duty of the clerk to issue the writ and citation, to make out a transcript, and deliver them to the party applying; but he is not clothed by this statute with the right to demand his fees in advance, and we cannot invest him with that right. We feel the defect of the law in this particular, and know it must impose on the clerks much labor of a very responsible character, for which, in many instances, they may never get any compensation—yet it is their duty, and consequently they must perform it. The application for the writ of error in this particular case, is to the clerk of the county court; but writs of error lie, from the county to the supreme court, in the same manner, and under the same regulations, that writs of error lie to the supreme court from a circuit court. See Clay's Dig. 297. Under the statutes as they now exist, it is the duty of a clerk of the circuit or county court, to issue a writ of error, on the application of any party against whom a judgment is rendered in said court, and to make out a complete transcript of the record, and deliver them to the party, his agent or attorney, without requiring payment of his fees in advance.

This being the law, and as the facts are agreed on, and are such as would have probably been returned to a rule to show cause, the motion of the applicant is granted, and a mandamus is ordered to be issued.